

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JACOB H. NORRIS, | ) | CASE NO. 13-36681-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Debtor's Expedited Motion for Imposing the Automatic Stay Pursuant to 11 U.S.C. 362(c)(4)" (Docket No. 12). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jacob H. Norris ("Debtor") filed the voluntary petition in the instant case on October 30, 2013. The instant case is Debtor's tenth case filed in this district.

The first case, Case No. 94-48387-H1-13, was filed on December 5, 1994, and dismissed on Debtor's motion by order entered on March 30, 1995.

The second case, Case No. 95-43248-H3-13, was filed on May 1, 1995, and dismissed, by order entered on August 22, 1995

on this court's Order to Show Cause.

The third case, Case No. 96-42031-H3-7, was filed on March 6, 1996 as a Chapter 13 case, converted to Chapter 7 on October 22, 1996, and discharged and closed on December 10, 1997.

While the third case was pending, on September 30, 1996, Debtor filed the fourth case, Case No. 96-48887-H3-13.  The fourth case was dismissed on November 25, 1996, and Debtor was ordered not to file any bankruptcy cases for one year after the dismissal of the third case.[1]

The fifth case, Case No. 98-31109-H5-13, was filed on February 2, 1998, and dismissed on August 10, 1998, with prejudice to filing for 180 days.

The sixth case, Case No. 99-35018-H1-13, was filed on May 24, 1999, and dismissed on Debtor's motion on February 13, 2001, with prejudice to filing for one year.

The seventh case, Case No. 05-94971-H3-7, was filed on October 16, 2005, and dismissed by order entered on October 4, 2006, with prejudice to filing for two years.

The eighth case, Case No. 13-34956-H3-13, was filed on August 7, 2013, and dismissed on August 29, 2013, for failure of Debtor to file a list of creditors.

---

[1] The third case was dismissed on Debtor's motion, by order entered on August 13, 1996.  However, on the motion of a creditor, the third case was reopened, reinstated, and converted to Chapter 7.

The ninth case, Case No. 13-36355-H3-13, was filed on October 11, 2013, and dismissed on October 28, 2013, for failure of Debtor to file a list of creditors.

The instant case, Debtor's tenth, was filed on October 30, 2013.

In the first case, Debtor was represented by counsel throughout the case. Debtor filed the second through ninth cases pro se, though counsel appeared for Debtor later in the case during the seventh case. Debtor is represented by counsel in the instant case.

In the instant motion, Debtor seeks imposition of a stay as to all creditors, pursuant to Section 362(c)(4) of the Bankruptcy Code. Debtor asserts he filed the instant case in good faith. The current or former holders of the mortgage on Debtors' home, Gary D. Baker Sr. and Sandra A. Baker (the "Bakers") did not file a written response to the instant motion. However, their counsel appeared at the hearing on the instant motion, and presented evidence and argument opposing the instant motion.

Debtor testified at the hearing on the instant motion that he has experienced numerous personal and financial setbacks during the time since June, 2012. He testified that his home was flooded twice, during June and July, 2012. He testified that the Federal Emergency Management Agency ("FEMA") provided funds for

repairs to his home.  He testified that he was unable to complete the repairs to his home, because the Bakers refused to release funds provided by FEMA so that he could complete repairs.  He testified that he has been totally disabled, and receiving disability benefits, since 2005 or 2006.  He testified that he has lost a significant amount of his eyesight.  He testified that his son was recently diagnosed with a heart condition that has required hospitalization.

Debtor testified that his wife is employed cleaning homes.  He testified that he believes his disability benefits and her income are sufficient, taken together, to allow him to make the payments called for under his proposed Chapter 13 plan.  He testified that the combined income of Debtor and Debtor's wife has increased within the last several months.

Debtor testified that the Bakers foreclosed his interest in his home in April, 2013.  He testified that he did not have notice of the foreclosure, prior to a letter he received on March 27, 2013.  Debtor asserts that the foreclosure was wrongful.

Debtor testified that he was two months in arrears on the mortgage at the time of the foreclosure.

Karen Williams, the Bakers' daughter, testified that the check the Bakers refused to endorse to Debtor was FEMA's

fourth check.[2]  She testified that the Bakers and Debtor, through counsel on both sides, negotiated a settlement calling for Debtor to complete certain repairs within 90 days.  Williams testified that after 90 days had passed, she inspected the home.  She testified that very little work had been done, and that the house was not inhabitable.  She testified that Debtor is not occupying the property, and there has been further damage to the house.

In the instant case, Debtor has filed a list of creditors, schedules, a statement of financial affairs, a Chapter 13 statement of current monthly income and calculation of commitment period and disposable income, a Chapter 13 plan, and a statement regarding payment advices.  An order has been entered requiring Debtor to pay $810 each month to the Chapter 13 trustee by ACH.

## Conclusions of Law

Section 362(c)(4) of the Bankruptcy Code provides:

> (4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

---

[2] Williams testified that she holds a power of attorney to act on the Bakers' behalf in the instant case.

(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and

(D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) -

   (i) as to all creditors if -

      (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

      (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

      (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or

>> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C. § 362(c)(4).

The instant case was filed on October 30, 2013. Both the eighth case and the ninth case were pending, but were dismissed, within the 1-year period preceding the filing of the instant case. Thus, under Section 362(c)(4)(A)(i) of the Bankruptcy Code, no stay went into effect in the instant case, and under Section 362(c)(4)(D)(i)(I) of the Bankruptcy Code, there is a presumption that the instant case was not filed in good faith.

In determining whether a presumption has been rebutted, courts consider the totality of the circumstances. See In re Charles, 332 B.R. 538 (Bankr. S.D. Tex. 2005); In re Ball, 336 B.R. 268 (Bankr. M.D.N.C. 2006); In re Montoya, 342 B.R. 312 (Bankr. S.D. Cal. 2006); In re Baldassaro, 338 B.R. 178 (Bankr. D.N.H. 2006); In re Carr, 344 B.R. 776 (Bankr. N.D. W.Va. 2006); In re Ferguson, 376 B.R. 109 (Bankr. E.D. Pa. 2007); In re Mark, 336 B.R. 260 (Bankr. D. Md. 2006).

Unlike several of Debtor's previous cases, in the instant case Debtor, represented by an attorney, has filed the schedules, statements, and a list of creditors. Debtor's

schedules indicate that he has a regular source of income, and that he appears to be able to make the payments called for under the proposed Chapter 13 plan.  The court concludes that Debtor has rebutted the presumption that he did not file the instant case in good faith.[3]  The court concludes that a stay should be imposed pursuant to Section 362(c)(4)(B).

      Based on the foregoing, a separate conforming Judgment will be entered.

      Signed at Houston, Texas on December 31, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court notes, however, that Debtor has a long road ahead of him, in seeking a determination that the foreclosure was wrongful.  In the interim, if Debtor is unable to provide adequate protection of the Bakers' interest in the property, the court anticipates that the stay may be lifted for cause, if the Bakers file a motion for relief from stay.  There is insufficient evidence before the court at this time to make a finding as to what is necessary to provide adequate protection of the Bakers' interest in the property.