IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| JACOB H. NORRIS, | ) ) | CASE NO. 13-36681-H3-13 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on "Knightsbridge Apartment's Motion for Relief from the Automatic Stay to Obtain Possession of Residential Real Property" (Docket No. 31). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jacob H. Norris ("Debtor") filed the voluntary petition in the instant case on October 30, 2013. The instant case is Debtor's tenth case filed in this district, and the third filed since August 7, 2013.

After a contested hearing, this court imposed the automatic stay with respect to all creditors, by Judgment entered on December 31, 2013. (Docket No. 39).

In the instant motion, Knightsbridge Apartment ("Movant") seeks relief from stay to continue efforts to evict Debtor from an apartment located in Houston, Texas.

On December 27, 2013, four days prior to the entry of this court's Judgment imposing the automatic stay, the Justice Court of Harris County, Texas, Precinct 4 entered an order awarding possession of the property to Movant.  (Movant's Exhibit 11).

Debtor appealed the ruling of the Justice Court.  In connection with the appeal, Debtor submitted a pauper's affidavit on December 30, 2013, stating that he has $40 in cash, and $2.56 in a savings account.  He listed his available income as $700 per month.[1]

Desiree Mitchell, the apartment manager for Movant, testified that Debtor has paid no rent since July, 2013.  She testified that the monthly rent for the apartment is $750.  The court finds this testimony to be credible.

Mitchell testified that Debtor has not offered to pay rent.  She testified that Debtor has falsely represented to Movant's telephone message service that Debtor was Movant's maintenance employee.  She testified that Debtor has threatened the other residents of the apartment complex.

---

[1] The evidentiary hearing on the instant motion was held on January 23, 2014.

Debtor denies all of Mitchell's allegations. He testified that he has offered to pay rent. He testified that he has not represented that he was Movant's employee. He testified that he has not threatened other residents.

In connection with the instant motion, Debtor has made no offer of adequate protection of Movant's interest in the property.

### Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

>   (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
>   (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor has made no offer of adequate protection, and the pauper's affidavit he submitted between the date of filing of the instant motion and the date of the evidentiary hearing does not indicate he has any ability to make such an offer. The court concludes, based on the totality of circumstances, that the stay should lift to permit Movant to exercise its rights and remedies under applicable law.

Based on the foregoing, a separate Judgment will be entered granting "Knightsbridge Apartment's Motion for Relief from the Automatic Stay to Obtain Possession of Residential Real Property" (Docket No. 31).

Signed at Houston, Texas on February 6, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE