IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JACOB H. NORRIS, | ) | CASE NO. 13-36681-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

ENTERED
04/10/2014

## MEMORANDUM OPINION

The court has held an evidentiary hearing on "Gary Duane Baker, Sr. and Sandra A. Baker's Second Motion for Relief From the Autmomatic [sic] Stay" (Docket Nos. 70, 71). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Jacob H. Norris ("Debtor") filed the voluntary petition in the instant case on October 30, 2013. The instant case is Debtor's tenth case filed in this district, and the third filed since August 7, 2013.

After a contested hearing, this court imposed the automatic stay with respect to all creditors, by Judgment entered on December 31, 2013. (Docket No. 39).

In the instant motion, Gary Duane Baker, Sr. and Sandra A. Baker ("Movants") seek relief from stay to continue efforts to execute a writ of possession with respect to real property located in Spring, Texas.

On March 6, 2010, Debtor executed a note, in the original principal amount of $81,500, payable to Movants. (Movants' Exhibit 2). The note was secured by a deed of trust regarding real property located at 25835 Glenn Loch, Spring, Texas. (Movants' Exhibit 1).

After Debtor purchased the property, the property was damaged by a storm. Debtor made an insurance claim with respect to the damage to the property. On September 28, 2012, Debtor and Movants executed a modification agreement, effective on October 6, 2012, which provided in pertinent part that Debtor was to use the insurance proceeds to pay for work done or materials purchased to repair the damage to the property, and that repairs were to be completed within 90 days. (Movants' Exhibit 3).

On the same date, Debtor and Movants executed a "Settlement and Release Agreement," which provided in pertinent part that Debtor would pay $14,000 to Movants, in order to cure his defaults under the note. (Movants' Exhibit 4).

Gary Baker testified that Movants inspected the property, along with Movants' daughter, Karin Williams, and a contractor, during March, 2013. He testified that, although

insurance funds had been distributed to Debtor, very little work had been done to repair the damage to the property. He testified that the property was uninhabitable when Movants inspected the property. The court finds Baker's testimony to be credible.

On March 12, 2013, Movants gave notice of acceleration of the note, and of a foreclosure sale to take place on April 2, 2013. (Movants' Exhibit 7).

On April 3, 2013, Kevin T. Shea, as substitute trustee, executed a substitute trustee's deed conveying the property to Movants. The deed was filed in the real property records of Montgomery County, Texas on April 25, 2013. (Movants' Exhibit 11).

At the hearing on the instant motion, Karin Williams testified that she holds a power of attorney on behalf of her parents with respect to their interactions with Debtor. She testified that she sought and obtained judgment awarding possession of the property to Movants. The judgment of the County Court at Law Number Two of Montgomery County, Texas, dated December 20, 2013, awarding possession of the property to Movants, is in evidence.[1]

---

[1] The court notes that the County Court judgment was entered after the date of filing of the petition in the instant case, but before this court's judgment, entered on December 31, 2013, imposing a stay. Thus, no stay was in effect when the judgment awarding possession to Movants was entered.

Williams testified that she repeatedly requested from Debtor an accounting or any receipts showing how the insurance proceeds were applied to make repairs on the property. She testified that she has not received any such accounting. The court finds Williams' testimony to be credible.

Debtor asserts that Movants' foreclosure of his interest in the property was wrongful. He testified that he used the insurance proceeds disbursed to him for the contents of the home to pay hotel bills. He testified that he continued to work on the house. He testified that he requested, numerous times, that Movants return to inspect the work he was doing on the house. The court finds his testimony to be not credible.

In connection with the instant motion, Debtor has made no offer of adequate protection of Movant's interest in the property.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-

4

>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

> Section 362(g) of the Bankruptcy Code provides:
>
> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor has made no offer of adequate protection. His testimony does not indicate he has any ability to make such an offer. The court concludes, based on the totality of circumstances, that Debtor has not met his burden of proof. The court concludes that the stay should lift to permit Movant to exercise its rights and remedies under applicable law.

Based on the foregoing, a separate Judgment will be entered granting "Gary Duane Baker, Sr. and Sandra A. Baker's Second Motion for Relief From the Autmomatic [sic] Stay" (Docket Nos. 70, 71).

Signed at Houston, Texas on April 10, 2014.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE